## JOHN SCOWCROFT & SONS CO. v. JOUFLAS et al.

### No. 3514.   Decided February 2, 1921.   (195 Pac. 633.)

GUARANTY—GUARANTORS HELD LIABLE IN DIRECT SUIT WITHOUT
MAKING THE PRINCIPAL A PARTY.   Where defendants guaranteed
payment for goods sold to another and agreed that on failure
to make payments plaintiff should be entitled to bring action
directly against the guarantors without exhausting remedies
against the debtors, a direct action without making the debtors
parties was warranted, particularly in view of Comp. Laws
1917, § 6511, providing that persons severally liable may all, or
any of them, be included in the same action at the option of
plaintiff.

Appeal from District Court, Seventh District, Carbon
County; *Geo. Christensen,* Judge.

Suit by the John Scowcroft & Sons Company against Peter
C. Jouflas and another.   Judgment for plaintiff, and defend-
ants appeal.

AFFIRMED.

*Patterson & Constantine,* of Moab, for appellants.

*L. A. McGee,* of Price, for respondent.

CORFMAN, C. J.

Plaintiff brought suit against the defendants in the district
court of Carbon county to recover a balance alleged to be due
and owing it under the terms of a contract of guaranty.   It
is alleged in the complaint that—

"On the 18th day of November, 1918, at Price, Carbon county,
Utah, in consideration that the plaintiff, at the request of the
defendant, would sell to the New Life Stores Company, a corpora-
tion, and Tom Nicolodemos, of Heiner, Utah, on monthly credit,
such goods, wares, and merchandise as the said New Life Stores

Company and Tom Nicolodemos should desire to buy of this plaintiff, the said defendants promised to be answerable to the plaintiff for the payments by the said New Life Stores Company and Tom Nicolodemos of the price of said goods so sold to them on credit."

It is then alleged, in substance, that at the time of the execution and delivery of the agreement plaintiff had already sold and delivered to the New Life Stores Company and Nicolodemos goods, wares, and merchandise of the value of $2,764.89, the payment of which also was guaranteed by the said defendants. It is further alleged that a certain chattel mortgage mentioned in the agreement should remain in full force and virtue, which mortgage was foreclosed and the net amount realized therefrom, together with payments that had theretofore been made from time to time, was applied to the indebtedness aforesaid, leaving a balance of $1,105.25 due and owing the plaintiff for which demand had been made and due notice given of the nonpayment thereof to the defendants, which sum defendants, after demand, failed and refused to pay. Attached to and made a part of the complaint is the contract sued upon by the plaintiff. The recitals of the contract, in so far as we deem them essential for the consideration of this case, are the following:

"That the New Life Stores Company is indebted to the said John Scowcroft & Sons Company in the sum of $2,764.89, which said sum is secured by chattel mortgage on the furniture, stock, fixtures, and book accounts of the said New Life Stores Company dated August 20, 1917. * * * That under date of November 16, 1918, the said John Scowcroft & Sons Company took possession of the said mortgaged property for the purpose of foreclosing the said chattel mortgage. That in order to secure the payment of the said sum of $2,764.89 and to enable the said Tom Nicolodemos to take charge of the said New Life Stores Company property, the following agreements are made: That the said chattel mortgage shall remain in full force and virtue so far as the security for said debt is concerned. * * * That the said New Life Stores Company and the said Tom Nicolodemos will pay the above-mentioned debt, in monthly payments, as follows, to wit: * * * Failure to make any payment when due makes the entire amount due and payable at once, without notice. * * * That in consideration of the foregoing modifications and extensions of credit the said Peter C. Jouflas and Nick Diamanti hereby guarantee the payment of the said sum of $2,764.89 in

monthly sums of $200 as aforesaid by the said New Life Stores Company and the said Tom Nicolodemos, time being the essence of this agreement. That, should the said New Life Stores Company and Tom Nicolodemos fail to pay any or either of the said monthly payments when due, then the said guarantors will promptly pay the same. That this guaranty shall run directly from the said Peter C. Jouflas and Nick Diamanti to the said John Scowcroft & Sons Company, and it shall be sufficient to justify the said John Scowcroft & Sons Company to make demand on the said guarantors that the New Life Stores Company and Tom Nicolodemos have failed to make any payment when due. That on failure to make any payment when due the said John Scowcroft & Sons Company shall be entitled to bring an action directly against the said guarantors on their refusal to pay the same, without exhausting their remedies against the said New Life Stores Company and said Tom Nicolodemos."

The defendants assailed the complaint both by demurrer and motion. The reasons for the demurrer were:

"(1) That the said complaint does not state facts sufficient to constitute a cause of action; (2) that the said complaint is ambiguous, uncertain, and unintelligible in this, that it cannot be ascertained therefrom what indebtedness, if any, the defendants or either of them are liable for, what indebtedness the defendants promise to answer for, and especially the amount of such indebtedness, if any, what chattel mortgage, if any, was foreclosed and described in said agreement, what agreement, if any, was entered into by the said defendants, whereby defendants became indebted to plaintiff; (3) that there is a nonjoinder of defendants in said action and a misjoinder of defendants in said action; (4) that said court has not acquired jurisdiction over the said defendants or either of them."

Defendant's motion was for an order of court requiring the plaintiff to join in the action as parties defendant the New Life Stores Company and Tom Nicolodemos for the following reasons:

"(1) That said parties, the New Life Stores Company, a corporation of the state of Utah, and Tom Nicolodemos, and each of them, are the principals of the contract upon which this action is founded, and which said contract is made a part of the pleadings in this action, and each of said parties are primarily liable to the plaintiff under said contract, as is fully disclosed therein; that they and each of them are the real parties in interest; (2) that said parties are necessary and proper parties to said action to a full and complete determination of the alleged issues of said

complaint on file; (3) that to leave the said parties out of this action will prejudice the rights of these defendants, and lead to a multiplicity of suits."

The trial court overruled the demurrer and denied the motion. The defendants declined to further plead. Thereupon a default was entered against the defendants and judgment rendered in plaintiff's favor against them for the amount prayed for in the complaint.

The defendants' appeal is upon the judgment roll. The errors assigned are the overruling of defendants' demurrer, denying their motion, and the rendering of judgment against them by the trial court.

In view of the allegations of the complaint and the express provisions of the contract sued upon, this case admits of but little discussion. Defendants in their brief say:

"It is our contention that the plaintiff by its failure and neglect to use due diligence in giving timely and proper notice of the default of the principals to the guarantors, and by seizure and sale of principal's property without notice, constitutes a legal release and discharge of the guarantors."

Counsel seem to overlook the fact that the agreement expressly provides that the defendants "guarantee the payment of the sum of $2,764.89" on the part of the New Life Stores Company and Tom Nicolodemos to the plaintiff, and upon their failure to make the payments in installments as by contract provided then "said guarantors (defendants) will promptly pay the same." The contract then proceeds to say "that on failure to make any payment when due the said John Scowcroft & Sons Company (plaintiff) shall be entitled to bring an action directly against the said guarantors * * * without exhausting their remedies against the said New Life Stores Company and the said Tom Nicolodemos." Plaintiff, in bringing its suit against the defendants alone as guarantors and promisors, did no more than the contract and our statute expressly provide it might do.

Comp. Laws Utah 1917, § 6511, reads:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and securities on the same or separate instruments, may all,

or any of them, be included in the same action, at the option of the plaintiff."

In view of the allegations of the complaint in this action we are of the opinion the district court was justified in overruling defendants' demurrer and in denying their motion.

The judgment of the district court is affirmed, with costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.